FOWLER ET AL. *vs.* BOYD.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

It is only from the *forced heirs* that a universal legatee is bound to demand the delivery of the property bequeathed to him; and if there be no such forced heirs, he is seized of right of the estate, and no demand is required.

So, the universal legatee under a will, and universal donee under a marriage contract, are, by mere operation of law seized of the whole estate, and no demand whatever is necessary from the heirs at law.

So, where the husband and wife in their marriage contract, made to each other mutual and reciprocal donations of the whole of each other's property, to *vest in the survivor*, on the death of the wife the husband became the universal donee, and seized of her whole estate.

On the 14th May, 1839, Mrs. Miriam Fowler, late wife of George W. Boyd, died in the city of New-Orleans, and on the 20th of the same month, Mr. Boyd presented his petition to the judge of probates, praying that an inventory be made of his deceased wife's property, and that he be put in the possession of the same, in virtue of the following clause in their marriage contract.

" 1. There shall be no community or partnership of acquests and gains between the parties who do hereby formally exclude them from said community."

2. Enumerates the wife's property.

3. The intended wife retains the administration of all her property, and she obligates herself to supply the family.

4. The intended wife declares, that in case the said future husband survives her, she hereby makes in his favor a full and entire donation of all the property, either moveable or immoveable, that she may die possessed of. "To have and to hold said property to himself forever; which donation he hereby accepts."

5. "The future husband declares, that in case the future wife survives him, he hereby makes in her favor full and complete donation of all the property he may have at his

demise; to have and to hold said property to her and her heirs forever, which donation is by her accepted."

The husband is put in possession, as the owner of all the property left by his late wife, according to the provisions of the marriage contract between them.

On the 24th May, 1839, Henry W. Fowler and others, nephews and nieces of the deceased Miriam Fowler, and who claim to be her heirs at law, took a rule on G. W. Boyd, the surviving husband, to show cause why the order of the Probate Court, putting him in possession of his deceased wife's estate should not be rescinded, on the ground that it is illegal, and was rendered unadvisedly. The plaintiffs, in this rule made proof of their heirship.

On the trial, after hearing the parties, the probate judge was of opinion that it would be a violation of the principles and practice of our courts to have the important questions of law, involved in this case, settled in this summary way. The rule was dismissed, and the plaintiffs appealed.

*Hennen* and *Conrad,* for the plaintiffs and appellants.

1. The court, *a qua,* erred in putting the surviving husband in possession of the estate of his deceased wife, she having died intestate, and having left collateral relations who are seized of her estate. *Louisiana Code, articles* 908, 911, 934, 935, 936, 938, 939.

2. The judgment in this case should have quashed the order putting the husband in possession on the mere suggestion of their being lawful heirs. The heirs are seized of the estate, from the moment of the death of the ancestor, and the husband of the deceased should have claimed it from them, when his rights could have fairly been contested and examined.

*Preston,* for the defendant.

1. On the rule, the court took into consideration the merits of the controversy between the plaintiffs and defendant, and gave judgment against the plaintiffs in the rule, on the ground that the reciprocal donation in the marriage con-

tract gave the deceased wife's estate to her surviving husband, and that the collateral heirs were deprived of the inheritance by the donation, or to use the words of the judgment, " that the deceased had left no succession to which the plaintiffs are entitled."

2. The reciprocal donations contained in the marriage contract were made in pursuance of article 2316, of the *Louisiana Code,* giving to the husband and wife, power, by their marriage contract, to make, reciprocally, or one to the other, in consideration of their marriage, every kind of donations, according to the rules and under the modifications prescribed in the title of *donations inter vivos,* and *mortis causa.* The same power is expressed in article 1736, of the code.

3. The idea has also been suggested, that the donation in controversy amounts to a donation *mortis causa,* and can only be made in the form of a testament : Code 1563. The article 2316 makes an exception to article 1563, in favor of a particular contract on a particular occasion.

*Morphy, J.,* delivered the opinion of the court.

Miriam Fowler, the legitimate wife of George W. Boyd, having died intestate, and without forced heirs, her husband made application to the Court of Probates, to be put in possession of all her estate. He showed that, by his marriage contract with his late wife, they had made to each other a mutual and reciprocal donation of the whole of each other's property, to vest in the survivor, at the death of either of them. The judge granted the prayer of the petitioner, after requiring of him good and sufficient security, in pursuance of article 925, of the Louisiana Code. The nephews and nieces of the deceased then took a rule on the defendant, to show cause why the order putting him in possession of all his wife's property, should not be rescinded and set aside, on the ground that it was illegal, and had issued improvidently. This rule having been discharged, the plaintiffs have appealed.

EASTERN DIST.

June, 1840.

FOWLER ET AL.
vs.
BOYD.

They contend that, as the lawful heir succeeds by mere operation of law, they, being the nearest heirs at law of the deceased, were of right, seized of her estate the very moment she died; that, there being no last will of the deceased excluding them from her succession, they must be presumed to be entitled to her estate, until some one shows a better title to it than themselves; that, admitting the universal donation contained in the marriage contract, to be valid, it only entitles the donee to claim the estate from them as the lawful heirs, but does not make him an heir, or justify the order by which he was sent into the possession of the estate. They rely on the Louisiana Code, articles 908, 934, 935, 936, 941, 1563, 1454 and 1455.

The arguments of the appellants seem to proceed on the idea that lawful heirs alone become seized of an estate on the death of a testator. The same article, (934) however, which lays down the rule "le mort saisit le vif," with regard to the lawful heirs, provides that this rule refers as well to testamentary heirs, as to instituted heirs and universal legatees, *but not to particular legatees*; and articles 1600 and 1502, provide, in substance, that it is only from *the forced heirs*, that a universal legatee is bound to demand the delivery of the property bequeathed to him; and that, if there be no such forced heirs, he is seized of right of the estate, and is under no necessity of demanding the delivery of the same. It is clear then, that had Boyd been instituted universal heir or legatee, by a last will of his wife, he would, by mere operation of law, have been seized of her whole estate, and no demand whatever, from the heirs at law, would have been necessary. Such being the rights and privileges conferred by law on a universal legatee, under a last will and testament, we see no good reason why they should not belong to a universal donee under a marriage contract. The rights and liabilities of both should be the same: both are donees *per modum universitatis;* both are to receive after the death of the donor; both hold under the will of the latter; expressed, it is true, in different forms, but alike authorized and sanctioned by our laws. *Louisiana Code, articles* 2316, 2308,

It is only from the *forced heirs* that a universal legatee is bound to demand the delivery of the property bequeathed to him: and if there be no such forced heirs he is seized of right of the estate, and no demand is required.

So, the universal legatee under a will, and a universal donee under a marriage contract, are, by mere operation of law, seized of the whole estate, and no demand whatever is necessary from the heirs at law.

So, where the husband and wife in their marriage contract, made to each other mutual and reciprocal donations of the whole of each other's property, to *vest in the survivor;* on the death of the wife the husband became the universal donee, and siezed of her whole estate.

2306, 1732, 1519, 1736, 1739 ; *Jurisprudence du Code Civil,* *vol.* 9, *page* 95 ; *vol.* 15, *pages* 233, 265.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.