300 So.2d 503 (1974)
Succession of O. F. and Hattie Lee Bryan PLATT.
No. 12395.
Court of Appeal of Louisiana, Second Circuit.
September 4, 1974.
Rehearing Denied October 1, 1974.
Writ Refused November 15, 1974.
Ford E. Stinson, Benton, for appellants.
Jackson B. Davis, Shreveport, for appellees.
Before BOLIN, HALL and WILLIAMS, JJ.
Rehearing En Banc. Denied October 1, 1974.
BOLIN, Judge.
This is an appeal from a judgment of the trial court rejecting the claims of various collateral relatives of O. F. Platt, deceased, seeking to have the court annul the probate of the will of Hattie Lee Bryan Platt, wife of O. F. Platt, in which she bequeathed all her interest in real property located in Bossier Parish, Louisiana, to Jessie C. and Rose M. Glover. The judgment *504 is amended and as amended is affirmed.
Petitioner, Mrs. Ludie Platt Edwards, is a sister of decedent O. F. Platt and the other petitioners herein are descendants of Mrs. Hattie Platt White, a deceased sister of O. F. Platt.
The pertinent facts preceding the instant action will be narrated as briefly as possible in order to arrive at the issue here involved.
All parties admit that O. F. Platt owned separate property consisting of an undivided interest in a tract of land in Bossier Parish. Mr. and Mrs. Platt were domiciled in Dallas County, Texas, where Mr. Platt died January 15, 1962, leaving no forced heirs. The deceased left a testament in form valid under the laws of the State of Texas, the original of which was filed in the Probate Court of Dallas County, Texas, and was duly admitted to probate in Texas. The universal legatee under this will was his wife, Hattie Lee Bryan Platt, who was placed in possession under the will on February 20, 1962.
On January 8, 1966, Hattie Lee Bryan Platt died at her domicile in Dallas. She left a last will and testament in which she designated Jessie C. Glover as executor and Jessie C. and Rose M. Glover universal legatees to all of her property, real and personal, of every kind and description wherever situated. This will was admitted to probate in Dallas County, Texas, on April 7, 1966 and letters testamentary were ordered issued to Jessie C. Glover.
Authenticated copies of all the foregoing proceedings were presented to the district judge before whom the petition for probate was filed in Bossier Parish, Louisiana, on May 4, 1972. Both wills were ordered deposited and recorded in the registry of the court to be executed in accordance with law. Pursuant thereto a judgment was signed recognizing Jessie C. Glover and Rose M. Glover as universal legatees of the decedent, Hattie Lee Bryan Platt, entitling them to the ownership and placing them in possession of the following described property:
An undivided 3/12 interest in the Northwest Quarter of Northeast Quarter of Section 23, Township 18 North, Range 12 West, Bossier Parish, Louisiana, less road right of way heretofore sold to Louisiana Department of Highways.
On September 22, 1972, the appellants herein filed a petition seeking to have the wills declared null and void, alleging that Mrs. Hattie Lee Bryan Platt never acquired the property in dispute since she did not file the will of her deceased husband, O. F. Platt, for probate in Louisiana as required by Louisiana Civil Code Article 1644. It is further contended that her failure to file the will for probate in Bossier Parish, Louisiana, prior to her death prevented her from becoming the owner or possessor of the described property; that she was the one and only person who could file and have the said will probated and be the petitioner in ancillary proceedings in Louisiana as required under the laws of this state; and that as a result she could not bequeath the property to Jessie C. and Rose M. Glover.
Louisiana Civil Code Article 1644 provides:
"No testament can have effect, unless it has been presented to the judge of the parish in which the succession is opened; the judge shall order the execution of the testament after its being opened and proved, in the cases prescribed by law."
In reply to this petition Jessie C. and Rose M. Glover filed a motion for summary judgment alleging that Louisiana Civil Code Articles 940, 941, 942, 943, 944, and 945, as well as Article 1644, are controlling; that there is no legal basis for annulling the probated wills; and that there is no genuine question of fact for the court to pass upon.
The motion for summary judgment was granted by the lower court and it is from that judgment this appeal was taken.
*505 We shall examine first appellants' contention that the failure of Hattie Lee Bryan Platt to file the will of O. F. Platt for probate in the district court of Bossier Parish during her lifetime is a fatal defect in the chain of title and prevented her from becoming the owner of the property. We have been cited to no cases to support this interpretation of Civil Code Article 1644, supra; furthermore, the article makes no provision for the manner or time within which a will must be probated.
Appellees point out in brief that Louisiana Civil Code Article 940 provides:
"A succession is acquired by the legal heir, who is called by law to the inheritance, immediately after the death of the deceased person to whom he succeeds.
"This rule applies also to testamentary heirs, to instituted heirs and universal legatees, but not to particular legatees."
Thus, being universal legatee, Hattie Lee Bryan Platt was seized of all property belonging to O. F. Platt on the moment of his death, including the property located in Bossier Parish. This same article applies to the rights of the universal legatees Jessie C. and Rose M. Glover under the will of Mrs. Platt.
Louisiana Civil Code Article 944 provides:
"The heir being considered as having succeeded to the deceased from the instant of his death, the first effect of this right is that the heir transmits the succession to his own heirs, with the right of accepting or renouncing, although he himself have not accepted it, and even in case he was ignorant that the succession was opened in his favor."
From these two articles it is clear Mrs. Platt, as testamentary universal legatee of her husband, was called by law to the inheritance immediately after the death of her husband. (C.C. Art. 940) Having succeeded to the testator's rights in the property from the instant of his death (C. C. Art. 942), she could transmit the succession to her own heirs even if she had not accepted it. (C.C. Art. 944) However, the record establishes she had been named in the will as executrix without bond and she presented her husband's will for probate on April 19, 1962, and letters testamentary were ordered issued to her upon her taking the oath required by law.
We have examined the cases cited by appellees and find they support their contentions. In Succession of Wengert, 180 La. 483, 156 So. 473 (1934), the Louisiana Supreme Court reviewed the previous jurisprudence questioning the effect of Article 1644 upon the rights of heirs, and concluded that the widow of Philip A. Wengert should not be deprived of the legacies which he bequeathed to her by his neglect to probate the will of his first wife during his lifetime.
In Wengert the court cited with approval the reasoning in Brewer v. Yazoo & M. V. Railroad Co., 128 La. 544, 54 So. 987, 990, wherein it was held that the provisions of Article 1644 of the Civil Code requiring a will to be probated in order to have effect, and of Article 1688 requiring a will made in another state to be registered and ordered executed here in order to have effect in this state, "are intended to guard against the carrying into effect of testamentary dispositions which may be at variance with the law or public policy of the state, and against the payment of particular legacies, to the prejudice of forced heirs and creditors, ...."
In Fowler v. Boyd, 15 La. 562 (1840) it was held that it is only from the forced heirs that a universal legatee is bound to demand the delivery of the property bequeathed to him; and if there be no such forced heirs, he is seized of right of the estate and no demand is required. See also Tulane University v. Board of Assessors, 115 La. 1025, 40 So. 445 (1905). As previously noted, neither O. F. Platt nor Hattie Lee Platt was survived by forced heirs.
*506 We find the judicial interpretations of Louisiana Civil Code Articles 1644 and 1688, and the clear declarations in Articles 940 through 945, fully support the actions of the trial court in rejecting appellants' demands. However, there is an obvious defect in the summary judgment rendered by the trial judge in that he gave judgment in favor of O. F. Platt and Hattie Lee Bryan Platt, who were deceased, rather than in favor of Jessie C. and Rose M. Glover, who were recognized as universal legatees of Hattie Lee Bryan Platt and were placed in possession of the property in dispute by judgment dated May 4, 1972.
The judgment is amended to delete the names of O. F. Platt and Hattie Lee Bryan Platt and to show that there is judgment in favor of Jessie C. Glover and Rose M. Glover, and as amended is affirmed at appellants' cost.